IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

UNITD STATES OF AMERICA
      Plaintiff,

v.                Case No. 1:16-CR-31

ERIC SCOTT BARKER, aka "Skateboard," aka "Skate,"
RANDALL LEE BARKER, and
MEGAN EILEEN DUNIGAN,
      Defendant.

## REPORT AND RECOMMENDATION THAT DEFENDANTS' MOTION TO SUPPRESS BE DENIED

On October 17, 2016, Defendant Randall Barker filed a Motion to Suppress (ECF No. 102), and was joined in that motion by co-Defendant Megan Dunigan (ECF No. 103). Co-Defendant Eric Barker mailed a *pro se* Notice of Joinder in the Motion to Suppress (ECF No. 106), addressed in the Court's previous order regarding *pro se* filings dated November 3, 2016 (ECF No. 112). However, Counsel for Eric Barker orally requested to join in this motion at the hearing on November 9, 2016, which the Court accepted. This matter is before the undersigned pursuant to a referral Order issued October 18, 2016 by District Judge Irene M. Keeley (ECF No. 104). On November 9, 2016, a hearing was held on this and other pending pretrial motions in this case. Based on argument and the parties' briefs on the matter, the undersigned recommends that Defendant's Motion to Suppress be denied, as set out below.

### I. Parties' Briefs

1. **Defendant Randall Barker's Motion to Suppress**

Defendant argues that 1) "paragraph 6 [of the search warrant affidavit] alleges that 'controlled substances were being delivered to the jail,'" and 2) "it is clear from the information known by the affiant that the substances delivered to the jail were not controlled substances but may be analogues of same" (ECF No. 102).

2. **Government's Opposition to Motion to Suppress**

The Government argues that Defendant did not allege that the alleged false statement was 1) material, and 2) either intentionally false, or made with reckless disregard for the truth (ECF No. 105). As such, Defendant's Motion was meritless and insufficient to warrant a Franks hearing. Id.

## II.     Discussion

A Franks hearing is warranted only after a Defendant has made a "substantial preliminary showing" that the search warrant affidavit contains a false statement made either intentionally, or with reckless disregard for the truth, and that the statement was material to a probable cause finding. Franks v. Delaware, 438 U.S. 154 (1978).

At the hearing, defense counsel advised the Court he did not have any additional evidence to support the Motion apart from the search warrant affidavit itself (ECF No. 102-1). Defense counsel further advised the Court he did not believe the statement at issue was intentionally false.

The Court finds that the characterization of MAM-2201 as a 'controlled substance' is arguably not false, by virtue of prevailing precedent and interpretation of the Analogue Act that directs analogues to be treated as controlled substance. At best, it may be simply lacking in additional specifics. Even if it the statement was technically false, the Court can find no way in which it would be material to the probable cause finding, and Defendant further has failed to

present any evidence as to intentionality or recklessness beyond the four corners of the search warrant affidavit. The undersigned cannot find that a substantial showing has been made as to any requirement – falsity, intentional or reckless, and materiality.

Therefore, the undersigned recommends that Defendant's Motion to Suppress be **DENIED**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985). .

The Clerk is **DIRECTED** to transmit a copy of this Report and Recommendation to Counsel of record.

Dated: November 10, 2016.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE