IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                          CRIMINAL NO.  1:16cr31
                                 (Judge Keeley)

ERIC SCOTT BARKER, a/k/a
"Skateboard," a/k/a "Skate,"
RANDALL LEE BARKER, and
MEGAN EILEEN DUNIGAN,

      Defendant.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 116]**

On October 17, 2016, defendant Randall Barker filed a Motion to Suppress (Dkt. No. 102), which was joined by both co-defendants Megan Dunigan and Eric Barker (Dkt. No. 103).[1] The motion sought suppression of all evidence seized in connection with a certain search warrant, based on the contention "that the affidavit establishing probable cause for the issuance of said warrant contain[ed] false information" (Dkt. No. 102 at 1). Although the search warrant referenced "controlled substances," it is clear that the search warrant was sought to uncover "controlled substance analogues." The motion requested a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), to determine whether the false statement was made knowingly, intentionally, or recklessly and

---

[1] Eric Barker's motion to join was made orally at the motions hearing on November 9, 2016 (Dkt. No. 114).

whether the statement was necessary to the probable cause finding. Id.

The Court referred the motion to the Honorable Michael J. Aloi, Magistrate Judge (Dkt. No. 104), who took up the matter at hearing held on November 9, 2016 (Dkt. No. 114). Following the hearing, Magistrate Judge Aloi entered a Report and Recommendation ("R&R") on November 10, 2016 (Dkt. No. 116), which concluded that the defendants have not made the "substantial preliminary showing" necessary to obtain a Franks hearing. Id. at 2-3. Even if the affidavit contained intentional or reckless false statements, the Magistrate Judge found that there is no evidence that the statement was material to the probable cause finding. Id. at 3. Therefore, the R&R recommended that the motion to suppress be denied. Id.

In the R&R, Magistrate Judge Aloi also notified the parties of their right to file objections to the recommendations. Id.; see 28 U.S.C. § 636(b)(1)(C). This Court is required to review de novo only those portions of the magistrate judge's findings to which objection is made. Id. "[T]he Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Because no parties have filed objections to the R&R, the Court's review is for clear error.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 116]**

Upon review of the R&R and the record, the Court adopts the opinion of the Magistrate Judge for the reasons discussed in the R&R (Dkt. No. 116). Therefore, the Court:

1.    **ADOPTS** the R&R (Dkt. No. 116); and

2.    **DENIES** the defendants' motion to suppress (Dkt. No. 102).

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this order to counsel of record.

DATED: November 28, 2016.

                              /s/ Irene M. Keeley
                              IRENE M. KEELEY
                              UNITED STATES DISTRICT JUDGE