```
       IN THE UNITED STATES DISTRICT COURT
     FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

  v.                //        CRIMINAL NO. 1:16CR31-1
                                        (Judge Keeley)

**ERIC SCOTT BARKER,**

        **Defendant.**

### MEMORANDUM OPINION AND ORDER DENYING
### DEFENDANT'S PRO SE MOTION TO ISSUE SUBPOENA [DKT. NO. 325]

On October 2, 2020, the Court received a letter from the pro se defendant, Eric Scott Barker ("Barker"), which it has construed as a motion to issue a subpoena in Barker's criminal case (Dkt. No. 325). Barker represents that he intends to seek "documents from an individual that pertain to my current case." Id. Because Barker's requested subpoena is unauthorized by the Federal Rules of Criminal Procedure and is not related to court-ordered discovery or an evidentiary hearing, the Court **DENIES** the motion.

On May 3, 2016, Barker was indicted in an eleven-count indictment with a forfeiture allegation (Dkt. No. 1). On January 4, 2017, a grand jury returned a superseding nineteen-count indictment and forfeiture allegation, naming Barker in all but count eighteen (Dkt. No. 151). Pursuant to a written plea agreement with a binding sentence recommendation of 120 months of imprisonment, on July 30, 2017, Barker pleaded guilty to count seventeen of the superseding indictment, attempted possession with intent to distribute para-

**BARKER V. USA**  1:16CR31-1

**MEMORANDUM OPINION AND ORDER DENYING**
**DEFENDANT'S PRO SE MOTION TO ISSUE SUBPOENA [DKT. NO. 325]**

fluorofentanyl, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846 (Dkt. No. 207).

The Court accepted Barker's guilty plea on June 30, 2017 (Dkt. No. 207) and sentenced him pursuant to the binding plea agreement to 120 months of incarceration, with three years of supervision to follow (Dkt. Nos. 221, 222). Final judgment was entered on August 21, 2017 (Dkt. No. 222). Since entry of that judgment, Barker has, *inter alia*, moved to 1) correct his sentence, 2) vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, 3) correct his presentence report, 4) hold an evidentiary hearing in support of his motion to correct the record, 5) stay the Court's ruling on his § 2255 motion, 6) supplement his § 2255 motion, and now, 7) for the Court to issue a subpoena (Dkt. Nos. 265, 269, 294, 298, 315, 325). The Court has neither authorized discovery nor set an evidentiary hearing on any of these motions. See generally, Dkt.

Rule 17 of the Federal Rules of Criminal Procedure governs the issuance of subpoenas in criminal matters, and subsection (c) provides that "[a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Crim. P. 17(c)(1). "The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." Id.

**BARKER V. USA**                                                    **1:16CR31-1**

**MEMORANDUM OPINION AND ORDER DENYING**
**DEFENDANT'S PRO SE MOTION TO ISSUE SUBPOENA [DKT. NO. 325]**

Rule 17 is not a "general discovery device." United States v. Henry, 482 F.3d 27, 30 (1st Cir. 2007) (citing United States v. Nixon, 418 U.S. 683, 94 S.Ct. 3090 (1974)); see also United States v. Caro, 597 F.3d 608, 620 (4th Cir. 2010) (citing Bowman Dairy Co. V. United States, 341 U.S. 214, 220, 71 S.Ct. 675 (1951)). "A subpoena, moreover, is issued by the court, bears a court's seal, and is backed by the threat of court-imposed sanctions for non-compliance. It is not the tool of a party to use as desired; rather, it is a tool provided by Rule 17 and limited to those uses authorized by Rule 17." U.S. v. Binh Tang Vo, 78 F. Supp.3d 171, 179-80 (D.D.C. Jan. 15, 2015).

It is unclear whether the subpoena Barker seeks is even available in post-conviction proceedings. See, e.g., U.S. v. Chew, 284 F.3d 468, 470 (3d Cir. 2002) ("Rule 17 has no application in post-conviction proceedings"), U.S. v. True Yang Vangh, 2020 WL 1701998 at *1, Crim. No. 16-335 (01) (MJD) (D. Minn. Apr. 8, 2020) (denying motion for issuance of Rule 17(c) subpoena related to motion for compassionate release); see also Bowman Dairy, 341 U.S. at 220, 71 S.Ct. at 679 ("Rule 17(c) was not intended to provide an additional means of discovery. Its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials") (emphasis added). But see

3

**BARKER V. USA** 1:16CR31-1

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S PRO SE MOTION TO ISSUE SUBPOENA [DKT. NO. 325]**

U.S. v. Winner, 641 F.2d 825 (10th Cir. 1981) ("Although Rule 17 subpoenas are generally employed in advance of trial, we see no reason why their use should not be available for post-trial motions and sentencing.").

Regardless, the Court has not ordered an evidentiary hearing and has not authorized discovery in connection with any pending motion. Accordingly, Barker has no need for a discovery device at this time. See Graham v. McCall, 2010 WL 2429721, at *1, Civil Action No. 6:10-376-MBS-WMC (D.S.C. May 13, 2010) (denying pro se motion for subpoena when the court had neither authorized discovery nor scheduled an evidentiary hearing); see also United States v. Tucker, 2015 WL 11117145, Criminal No. 2:09CR182 (E.D. Va. July 30, 2015) (same). The Court therefore **DENIES** his motion.

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to transmit copies of this order to Barker and counsel of record.

DATED: October 13, 2020.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE