IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

       Plaintiff,

v.                          Criminal Action No. 1:16CR31
                                 (Judge Keeley)

ERIC SCOTT BARKER, a/k/a
"SKATEBOARD" and "SKATE,"

       Defendant.

## MEMORANDUM OPINION AND
## ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS

Pending are eleven[1] motions filed in the captioned criminal case by the pro se defendant, Eric Scott Barker ("Barker"), which in sum, seek to correct his sentence, the presentence report ("PSR"), and the final forfeiture order. He also objects to the

---

[1] These motions include Defendant's Motion for Correction of Sentence (Dkt. No. 265), Motion for Ruling on the Pleadings for the Objection and Correction of the Forfeiture Order (Dkt. No. 278), Motion to Strike and Reissue Final Forfeiture Order (Dkt. No. 292), Motion to Correct Presentence Report Pursuant to Fed. R. Crim. P. 36 (Dkt. No. 294), Motion for Evidentiary Hearing in Support of Motion for Correction of the Record (Dkt. No. 295), Second Motion to Amend or Correct Record (Dkt. No. 301), Motion for Prompt Order Directing Immediate Release of Seized Assets (Dkt. No. 302), Ex Parte Motion for Appointment of Counsel (Dkt. No. 305), Motion for Correction of Clerical Error in Judgment (Dkt. No. 312), Motion to Obtain Copy of Search Warrant and Affidavit (Dkt. No. 345), and Motion to Recuse and/or Disqualify Honorable Judge Keeley Pursuant to 28 U.S.C. §§ 144, 455 (Dkt. No. 355).

USA V. BARKER                                              1:16CR31

### MEMORANDUM OPINION AND
### ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS

preliminary and final forfeiture orders entered in this case, (Dkt. Nos. 266, 282),[2] and requests a copy of the search warrant and affidavit in Case No. 1:16MJ137 (Dkt. No. 345). Barker also seeks to disqualify this Court from presiding over his case (Dkt. No. 355).

For the reasons that follow, the Court **GRANTS IN PART** Barker's motion to correct the PSR so that it may accurately reflect his conviction in Criminal Action No. 1:04CR86-2, but **DENIES** Barker's request to remove the career offender designation from his PSR (Dkt. No. 294). Additionally, the Court **OVERRULES** Barker's objections to the forfeiture orders in this case, (Dkt. Nos. 266, 282), and **DENIES** the remaining pending motions (Dkt. Nos. 265, 278, 292, 295, 301, 302, 305, 312, 345, 355).

### I.   BACKGROUND

Barker is a criminal with a lengthy and litigious history before this Court. Because several of Barker's motions concern his criminal history prior to the instant case, the Court recounts his previous cases below.

### A.   Criminal Action No. 1:04CR68

On September 16, 2004, this Court accepted a transfer of jurisdiction from the Southern District of West Virginia for

---

[2] Unless otherwise indicated, all docket entry citations refer to Criminal Action No. 1:16CR31.

USA V. BARKER                                                    1:16CR31

**MEMORANDUM OPINION AND**
**ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS**

Barker's supervised release (Criminal Action No. 1:04cr68, Dkt. No. 1). Barker was supervised pursuant to a conviction for conspiracy to distribute heroin, in violation of 21 U.S.C. § 846. Id. His supervision commenced on May 7, 2004 (Id., Dkt. No. 2).

On September 24, 2004, Magistrate Judge John S. Kaull approved the filing of a 12C petition based on the following conduct:

- Barker's arrest on September 23, 2004, for Domestic Battery;

- The discovery of two bags of marijuana, a variety of pills, drug paraphernalia including a marijuana pipe, hypodermic needles, and a cooking spoon, and crack cocaine during a search incident to the domestic disturbance;

- Barker's failure to submit a written monthly report for the month of August 2004; and

- Barker's failure to report two traffic stops made by the Bridgeport Police Department.

Id. In the 12C, the United States Probation Officer also noted that a firearm, reportedly owned by Barker and a friend, had been discharged during the domestic disturbance. Id.

On April 25, 2005, the Court approved the filing of an amended 12C petition (Id., Dkt. No. 14), which recounted Barker's guilty

3

**MEMORANDUM OPINION AND**
**ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS**

plea to "Aiding and Abetting in Possession with Intent to Distribute Five (5) Grams or More of Cocaine Base and Less than 500 Grams of Cocaine" in Criminal Action No. 1:04CR86. Id. After Barker admitted to violating this condition of his supervision, the Court sentenced him to eighteen months of imprisonment, to run consecutively to his sentence of seventy (70) months imposed in Criminal Action No. 1:04CR86, with no supervision to follow (Id., Dkt. No. 15).

On November 8, 2006, Barker filed a § 2255 petition to request that his revocation sentence be run concurrently with his sentence in Criminal Action No. 1:04CR86 (Id., Dkt. No. 17). And on November 29, 2006, Barker moved to amend his § 2255 petition to add a claim for ineffective assistance of counsel based on his attorney's failure to file an appeal as requested (Id., Dkt. No. 19). On December 8, 2006, the magistrate judge granted Barker's motion to amend (Id., Dkt. No. 20).

Thereafter, on December 11, 2006, Barker again moved to amend his § 2255 petition to claim that his cause of action was subject to equitable tolling (Id., Dkt. No. 22). On December 14, 2006, the magistrate judge granted Barker's motion to amend and ordered the Government to answer his § 2255 petition (Id., Dkt. Nos. 23, 24). Although the magistrate judge set an evidentiary hearing, the Government later moved the Court to grant the § 2255 petition, to

USA V. BARKER                                                    1:16CR31

### MEMORANDUM OPINION AND
### ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS

cancel the hearing, and to schedule a resentencing hearing (Id., Dkt. Nos. 44, 45). The Court then granted Barker's amended § 2255 petition, in part, and ordered that he be resentenced in order to provide him an opportunity to appeal to the Fourth Circuit (Id., Dkt. No. 48). Ultimately, the Court declined to run Barker's sentences concurrently, and denied his § 2255 petition to the extent it sought such relief. Id.

On July 28, 2008, the Court amended its judgment and sentenced Barker to sixty (60) months of imprisonment in 1:04CR86, and a consecutive sentence of eighteen months on his supervised release revocation (Id., Dkt. No. 51). Two days later, on July 30, 2008, Barker appealed (Id., Dkt. No. 52). On April 20, 2009, the United States Court of Appeals for the Fourth Circuit affirmed the Court's judgment (Id., Dkt. No. 56).

Thereafter, on July 28, 2009, Barker filed another § 2255 petition challenging the Court's imposition of an 18-month, consecutive revocation sentence (Id., Dkt. Nos. 59, 60). On February 10, 2010, the magistrate judge recommended that the Court deny Barker's § 2255 petition as procedurally barred (Id., Dkt. No. 69). On February 25, 2010, Barker objected to this recommendation and later, on August 12, 2010, moved for judgment on the pleadings regarding his objections (Id., Dkt. Nos. 72, 76). On October 7, 2010, the Court adopted the magistrate judge's

USA V. BARKER                                                    1:16CR31

**MEMORANDUM OPINION AND**
**ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS**

recommendation and denied Barker's § 2255 petition with prejudice (Id., Dkt. No. 78).

**B.   Criminal Action No. 1:04CR86**

On November 4, 2004, a grand jury indicted Barker for conspiracy to distribute five (5) grams or more of a mixture or substance containing cocaine base and less than five hundred (500) grams of a mixture or substance containing cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(B)(iii), 841(b)(1)(C), and 846; aiding and abetting in possession with intent to distribute 5 grams or more of cocaine base and less than 500 grams of cocaine, in violation of §§ 841(a)(1), 841(b)(1)(B)(iii), 841(b)(1)(C), and 18 U.S.C. §2; aiding and abetting in possession with intent to distribute less than five (5) grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2. (Criminal Action No. 1:04CR86, Dkt. No. 12).

On January 14, 2005, Barker pleaded guilty to aiding and abetting another individual in possession with the intent to distribute five (5) grams or more of cocaine base, and less than five hundred (500) grams of a mixture and substance containing cocaine, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(B)(iii), 841(b)(1)(C), and 18 U.S.C. § 2 (Id., Dkt. No. 30). On April 27, 2005, the Court sentenced him to seventy (70) months of

6

**MEMORANDUM OPINION AND**
**ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS**

imprisonment with credit for time served since November 18, 2004, followed by four years of supervised release (Id., Dkt. No. 42). The Court's judgment also included a forfeiture of $3,109.00. Id. at 6.

Based on a retroactive amendment to the United States Sentencing Guidelines, 18 U.S.C. § 3582(c)(2), on July 28, 2008, the Court reduced Barker's term of imprisonment to sixty (60) months, with credit for time served since November 18, 2004 (Id., Dkt. No. 69). It did not reduce the forfeiture amount or Barker's term of supervised release, however. Id.

Barker commenced his first term of supervision on this sentence on November 4, 2010 (Id., Dkt. No. 78). Approximately two months later, he provided his United States Probation Officer with a urine specimen that tested presumptively positive for opiates. Id. Although the sample later tested negative, Barker admitted to using hydrocodone. Id.

On May 20, 2011, the Court approved the filing of a 12C petition by the United States Probation Officer based on Barker's prohibited contact with several inmates at USP Marion, in which he allegedly ferried information between institutions and assisted inmates in moving funds (Id., Dkt. No. 80). On June 20, 2011, the Probation Officer filed an amended 12C petition based on Barker's telephone conversations with two inmates at USP Marion (Id., Dkt.

USA V. BARKER                                                1:16CR31

## MEMORANDUM OPINION AND
## ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS

No. 92). Following a hearing on June 21, 2011, the Court revoked
Barker's supervised release and sentenced him to a term of 18
months of imprisonment, with credit for time served from May 31,
2011, to be followed by 30 months of supervised release (Id., Dkt.
No. 94).

On June 29, 2011, Barker appealed his revocation sentence
(Id., Dkt. No. 96). And on November 14, 2011, he moved, pro se, to
modify his sentence, pursuant to 18 U.S.C. § 3582(c)(2) and/or §
3583(3) (Id., Dkt. No. 103). The Court denied Barker's motion on
November 16, 2011 (Id., Dkt. No. 105). On April 25, 2012, the
United States Court of Appeals for the Fourth Circuit affirmed
Barker's revocation sentence (Id., Dkt. No. 110).

On November 29, 2012, Barker began his second term of
supervision in Criminal Action No. 1:04CR86 (Id., Dkt. No. 114).
Later, on February 8, 2013, the Probation Officer filed a 12C
petition seeking a warrant for Barker's arrest because:

- Barker had submitted a urine specimen on January 28,
  2013, that was presumptively positive for opiates and
  cocaine. Barker also admitted to using heroin.

- Family members at Barker's approved residence advised
  his probation officer that he had not returned to the
  residence and that they were unaware of his whereabouts.

8

USA V. BARKER                                                        1:16CR31

### MEMORANDUM OPINION AND
### ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS

- Barker had failed to report for drug testing on February 1, 2013 and had not submitted a written report for January 2013.

Id. On February 12, 2013, the Probation Officer filed an amended 12C petition based on Barker's arrest at a residence where significant amounts of drug paraphernalia, illegal controlled substances (including synthetic marijuana and suspected heroin), and approximately $1,500 in cash were found (Id., Dkt. No. 123). At the time of his arrest, two convicted felons were also present with Barker inside the residence. Id.

Based on the multiple indictments pending against Barker, the Court held both the initial and the amended 12C petitions in abeyance on March 12, 2013 (Id., Dkt. No. 130). Ultimately, following a hearing on October 22, 2013, the Court revoked Barker's supervision and sentenced him to eighteen months of imprisonment, with credit for time served from February 8, 2013, with no supervision to follow (Id., Dkt. No. 132).

**C.   Criminal Action No. 1:13CR18**

On March 5, 2013, a grand jury indicted Barker for conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846; aiding and abetting possession with intent to distribute heroin, in violation of 21 U.S.C. §§

9

**MEMORANDUM OPINION AND**
**ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS**

841(a)(1), 841(b)(1)(C), 18 U.S.C. § 2; aiding and abetting maintaining drug-involved premises, in violation of 21 U.S.C. § 856(a)(2) and 18 U.S.C. § 2 (Criminal Action No. 1:13CR18, Dkt. No. 1). On April 4, 2013 and April 10, 2013, Barker filed motions to suppress the evidence seized as a result of a search conducted on February 3, 2013 (Id., Dkt. Nos. 14, 20).

On April 16, 2013, the magistrate judge heard argument on Barker's motions and, on May 13, 2013, recommended that the Court deny the motions (Id., Dkt. Nos. 22, 34). On June 10, 2013, Barker objected to the magistrate judge's report and recommendation ("R&R") (Id., Dkt. No. 44). On June 26, 2013, the Court adopted the R&R and denied Barker's motions to suppress (Id., Dkt. No. 47). Although he was represented by a Federal Public Defender, on July 8, 2013, Barker filed a pro se motion to reconsider this denial (Id., Dkt. No. 51). Nevertheless, on the same day, he pleaded guilty to aiding and abetting in unlawfully, knowingly, and intentionally possessing with the intent to deliver a quantity of a mixture of a substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2 (Id., Dkt. No. 55). As part of his plea agreement, Barker and the Government stipulated and agreed that he qualified as a career offender. Id. at 3. His appellate and collateral attack

USA V. BARKER                                                    1:16CR31

### MEMORANDUM OPINION AND
### ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS

rights, although limited, permitted him to challenge the denial of his motion to suppress. Id. at 4-5.

The next day, July 9, 2013, a grand jury returned a superseding indictment against Barker for conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846; possession with intent to distribute heroin – aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2; and maintaining a drug-involved premises – aiding and abetting, in violation of 21 U.S.C. § 856(a)(2) and 18 U.S.C. § 2 (Id., Dkt. No. 60). Consequently, on July 24, 2013, the Court ordered the parties to file an addendum to the plea agreement, explicitly establishing the conditional nature of Barker's earlier plea by demonstrating that the requirements of Fed. R. Crim. P. 11(a)(2), and United States v. Bundy, 392 F.3d 641, 644-45 (4th Cir. 2004), had been met (Id., Dkt. 74). On July 29, 2013, the parties filed an addendum pursuant to Bundy (Id., Dkt. No. 77). Then, on October 7, 2013, Barker filed a sentencing memorandum, seeking a variance from the application of the career offender guideline to his sentence on the basis that he was a low-level drug dealer who suffered from addiction (Id., Dkt. No. 92).

On October 22, 2013, the Court sentenced Barker to 151 months of imprisonment, to run consecutively to the term of imprisonment

**MEMORANDUM OPINION AND**
**ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS**

imposed previously, followed by a three-year term of supervised release (Id., Dkt. No. 104). The next day, Barker appealed to the Fourth Circuit (Id., Dkt. No. 112).

On January 13, 2015, the Fourth Circuit vacated the Court's judgment and remanded the case with directions to consider whether, pursuant to the "independent source" doctrine, the officers performing the search that had led to Barker's arrest would have sought a warrant even if they had not conducted an unlawful search (Id., Dkt. No. 136 at 4). On April 24, 2015, the Court held a status conference and set Barker's conditions of pre-trial release (Id., Dkt. No. 146). But, on May 8, 2015, the United States filed a motion seeking dismissal of the superseding indictment based on the unavailability of drug evidence, which the Court granted on May 11, 2015 (Id., Dkt. Nos. 157, 158).

**D.   Criminal Action No. 1:16CR31**

**1.   Original Indictment**

On May 3, 2016, a grand jury indicted Barker for conspiracy to distribute and possess with intent to distribute MAM2201, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846; maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1); and nine counts of distribution of the controlled substance analogue MAM2201, in violation of 21 U.S.C. §§ 841(a)(1),

USA V. BARKER                                                    1:16CR31

**MEMORANDUM OPINION AND**
**ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS**

841(b)(1)(C), and 18 U.S.C. § 2(a) (Dkt. No. 1). The indictment

also contained the following forfeiture allegation:

> [P]ursuant to [21 U.S.C. § 853], upon
> obtaining a conviction with respect to a
> MAM2201 distribution offense charged in the
> Indictment, it is the intention of the United
> States to seek at sentencing the forfeiture of
> any property of any kind which constitutes or
> is derived from proceeds traceable to a
> violation of 21 U.S.C. §§ 841(a)(1), 846, or
> 856(a)(1), including $22,408 in U.S. Currency
> seized from the defendants' residence on or
> about March 22, 2016, real property located at
> 466 Alpha Hill Road in Mount Clare, Harrison
> County, West Virginia, and a money judgment of
> at least $150,000.
>
> Pursuant to [28 U.S.C. § 2461(c)], the
> government will seek forfeiture of substitute
> property up to the value of property subject
> to direct forfeiture that is not available for
> forfeiture on account of any act or omission
> contemplated by [21 U.S.C. § 853(p)(1)].

Id. On May 5, 2016, Barker and a co-defendant, Megan Eileen

Dunigan, were arrested in Holiday, Florida (Dkt. No. 13).

On November 30, 2016, the magistrate judge entered a

protective order permitting the United States and its agents to

take custody of a white 2007 Mercedes sedan, VIN#

WDBUF56X37B035601, bearing Florida registration GHIM82 and

registered to Eric Scott Barker, 5860 Mariposa Dr., Holiday, FL

34690 (Dkt. No. 138). Pursuant to 21 U.S.C. § 853(a)(2), the

magistrate judge found probable cause that this vehicle was

forfeitable as facilitating property and was an asset traceable to

13

MEMORANDUM OPINION AND
ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS

criminal proceeds. Id. Specifically, the Mercedes was used to deliver a package of fentanyl during a controlled delivery on November 13, 2016 (Dkt. No. 137).

**2.   Factual History[3]**

In mid-September 2016, the United States Attorney's office was informed that two inmates at the North Central Regional Jail had overdosed (Dkt. No. 221 at 2). One of these inmates, who was Barker's cellmate, had overdosed twice. Id. at 2-3. When medical personnel responded to the cellmate's overdose, he did not have a pulse and needed to be revived with Narcan. Id. at 3. The cellmate later advised that he had overdosed twice on "fentanyl" provided by Barker, and that Barker was obtaining drugs on a regular basis through what appeared to be legal mail. Id.

On September 14, 2016, correctional officers identified a suspicious package addressed to Barker with a return address for a local attorney. Id. This letter contained a small piece of paper affixed to the back of one of the middle pages inside the envelope to form a packet. Id. A powdery substance, later identified by the West Virginia State Police laboratory as para-fluorofentanyl, was found inside this packet. Id. Other inmates at North Central

---

[3]   These facts are taken from the Government's version of the offense conduct as described in Barker's modified presentence report (Dkt. No. 221). Barker did not object to the Government's version of his offense conduct at sentencing.

**MEMORANDUM OPINION AND**
**ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS**

Regional Jail confirmed that Barker was selling "fentanyl" and "K2" in the jail, and that his father, Randall Barker, was sending the drugs to him. Id. According to the offense conduct provided by the United States, "[j]ail communications further suggest[ed] that Eric and Randall Barker continued to operate a drug distribution business while Eric was incarcerated." Id. at 3. Investigators then completed a controlled delivery of a second package from Randall Barker, which also consisted of court-related documents with a small, concealed packet containing para-fluorofentanyl. Id.

In addition to fentanyl, Eric Barker also was extensively distributing the synthetic cannabinoid MAM2201, a controlled substance analogue, in the regional jail. Id. He conspired with his co-defendants, Randall Barker and Megan Dunigan, to distribute MAM2201, an analogue of JWH-122 and AM-2201, to prison inmates across the country. Id. Jail officials at the Central Regional Jail in West Virginia discovered the conspiracy after intercepting inmate correspondence that later was confirmed to contain MAM2201-infused paper. Id.

Barker discussed his "prisoner service" business on numerous recorded jail calls made from Central Regional Jail. Id. at 4. He used these calls to direct his co-defendants to mail items to third parties and discussed wire transfers and price negotiations. Id. Between April 13, 2014, and March 11, 2016, Barker and his co-

**MEMORANDUM OPINION AND**
**ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS**

defendants received at least $170,000 in wire transfers from individuals across the country and sent more than $60,000 to Chinese companies to pay for synthetic drugs. Id.

After Barker's release from custody, law enforcement conducted examinations of the trash at the residence where he was staying, which revealed the following: (1) a notepad bearing federal inmate names, their BOP numbers, and various dollar amounts; (2) discarded letters from inmates referencing money paid for "legal work," "legal briefs," or "pictures"; (3) a shipping label from China addressed to Megan Dunigan; (4) empty spray bottles with white residue; (5) an empty gallon can of acetone; and (6) empty reams of printer paper. Id. Pursuant to a search warrant officers executed on March 22, 2016, they recovered materials and paraphernalia to produce drug-laced correspondence, including spray bottles, a funnel, printer paper, ink cartridges, acetone, envelopes, postal labels, scales, printers, ledgers, and bags of white powdery substances believed to be MAM2201. Id. Officers also seized more than $20,000 in cash. Id.

### 3.   Superseding Indictment

On January 4, 2017, a grand jury returned a superseding indictment against Barker for conspiracy to distribute and possess with intent to distribute MAM2201 and buprenorphine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 841(b)(1)(E)(i), and 846;

16

USA V. BARKER                                                    1:16CR31

**MEMORANDUM OPINION AND**
**ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS**

maintaining a drug involved premises, in violation of 21 U.S.C. §
856(a)(1); twelve counts of distribution of the controlled
substance analogue MAM2201, in violation of 21 U.S.C. §§ 841(a)(1)
and (b)(1)(C) and 18 U.S.C. § 2(a); conspiracy to distribute para-
fluorofentanyl, in violation of 21 U.S.C. § 846; distribution of
para-fluorofentanyl, in violation of 21 U.S.C § 841(a)(1) and
841(b)(1)(C); attempted possession with intent to distribute para-
fluorofentanyl, in violation of 21 U.S.C. §§ 841(a)(1),
841(b)(1)(C), and 846; attempted possession of a prohibited object
– para-fluorofentanyl, in violation of 18 U.S.C. §§ 1791(a)(2) and
(b)(1) (Dkt. No. 151). The superseding indictment contained the
same forfeiture allegation as the original indictment. Id. at 13.

Ultimately, pursuant to a binding plea agreement, Barker
pleaded guilty to attempted possession with intent to distribute
para-fluorofentanyl, in violation of 21 U.S.C. §§ 841(a)(1),
841(b)(1)(C), and 846, on June 30, 2017 (Dkt. No. 204). As part of
that binding agreement, he and the Government agreed that, under
Federal Rule of Criminal Procedure 11(c)(1)(C), the appropriate
sentence was a term of imprisonment of 120 months (Dkt. No. 205 at
2). The plea agreement also memorialized the Government's
agreement to extend plea offers proposing 36-month binding
sentences to his co-defendants. Id.

USA V. BARKER                                                    1:16CR31

**MEMORANDUM OPINION AND
ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS**

In addition, Barker also agreed to

> waive all interest in any forfeitable asset in
> any administrative or judicial forfeiture
> proceeding, whether criminal or civil,
> state[,] or federal. [Barker] agree[d] to
> consent to the entry of orders of forfeiture
> for such property and waives the requirements
> of Federal Rules of Criminal Procedure 32.3
> and 43(a) regarding notice of the forfeiture
> in the charging instrument, announcement of
> the forfeiture at sentencing, and
> incorporation of the forfeiture in the
> judgment.

Id. at 3. And he specifically agreed to the following forfeiture-related stipulations:

> (1) a forfeiture money judgment of
> approximately $173,000 should be imposed; (2)
> the 2007 Mercedes sedan with Florida
> registration GHIM82, VIN # WDBUF56X37B035601,
> is subject to forfeiture, and the defendant
> waives any right, claim, or title to that
> vehicle; (3) $22,408 in U.S. Currency seized
> within the residence at 466 Alpha Hill Road,
> Mount Clare, West Virginia, on March 22, 2016,
> is subject to forfeiture, and the defendant
> waives any right, claim, or title to those
> funds[;] and (4) the funds held in the
> defendant's North Central Regional Jail
> commissary account (totaling approximately
> $2,555) are subject to forfeiture, and the
> defendant waives any right, claim, or title to
> those funds.

Id.

In exchange for the concessions made by the United States in the binding plea agreement, Barker waived his rights to appeal any order, conviction, sentence, or the manner in which the sentence

18

USA V. BARKER                                                          1:16CR31

**MEMORANDUM OPINION AND**
**ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS**

was determined on any ground whatsoever, and to challenge the conviction or sentence or the manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255. Id. at 4. However, he retained his right to perfect any legal remedies on appeal or collateral attack concerning claims of ineffective assistance of counsel or prosecutorial misconduct. Id.

During the plea hearing, Corporal John Wayne Smith of the West Virginia State Police testified about the factual basis for Barker's plea (Dkt. No. 328 at 35-38). Corporal Smith testified that he had investigated the importation of para-fluorofentanyl into the North Central Regional Jail, and determined that it was being introduced through mail addressed to Barker that was falsely identified as legal correspondence. Id. Barker agreed that Corporal Smith's testimony was accurate, and confirmed that he had smuggled the para-fluorofentanyl into the regional jail with the intent to distribute it. Id. at 38:21-39:13.

After the United States Probation Officer prepared a PSR,[4] Barker, despite being represented by counsel, noted three pro se objections concerning his criminal history category, his career

---

[4]   The United States Probation Officer used the 2016 version of the United States Sentencing Guidelines, which the Court also uses in its review of Barker's arguments.

### MEMORANDUM OPINION AND
### ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS

offender designation, and his belief that he was not serving a sentence of supervision at the time he distributed these controlled substances (Dkt. No. 221 at 16-17). The United States Probation Officer rejected these objections and explained her reasoning for doing so. Id. at 13-15. Neither the Government nor Barker's counsel objected to the PSR at sentencing (Dkt. No. 331 at 17-21).

On August 21, 2017, the Court accepted Barker's binding plea agreement and sentenced him according to its terms to a period of incarceration of 120 months, with three years of supervised release to follow (Dkt. No. 222). It also imposed a mandatory $100 special assessment and adopted, by reference, the Preliminary Order of Forfeiture (Dkt. No. 219). But it reduced the total money judgment in the case to $148,037.00, in order to account for funds already seized by the United States (Dkt. No. 222 at 7).

On August 1, 2018, the Court entered a Final Order of Forfeiture that included the following property:

- One 2007 Mercedes sedan with Florida registration GH1M82 [CATS ID: 17-USP-002433];

- $22,408.00 in U.S. currency seized on March 22, 2016 [CATS ID: 16-USP-002771]; and

USA V. BARKER                                                            1:16CR31

**MEMORANDUM OPINION AND**
**ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS**

- Funds held in the defendant's North Central Regional Jail commissary account (totaling approximately $2,555) [CATS ID: 17-USP-002434].

(Dkt. No. 252). Eight months later, on April 1, 2019, the Government moved to amend the Preliminary Order of Forfeiture to add $317.05 in a Bureau of Prisons Trust Fund Account in Barker's name, to be applied towards partial satisfaction of the money judgment (Dkt. No. 263). On April 5, 2019, the Court granted the motion (Dkt. No. 264).

Thereafter, on April 29, 2019, Barker moved to strike the Final Order of Forfeiture (Dkt. No. 252), on the basis that the Government's forfeiture was predicated on having obtained a conviction of a MAM2201 distribution offense, which had not happened (Dkt. No. 265). He also objected to the Government's motion to amend the Preliminary Order of Forfeiture and filed a supplemental brief (Dkt. Nos. 266, 268). Next, he moved for judgment on the pleadings based on his objections and motion to correct (Dkt. No. 278). On September 30, 2019, the Court ordered the Government to respond to Barker's motion (Dkt. No. 279). On October 10, 2019, the Government filed its response, to which Barker objected on October 25, 2019 (Dkt. Nos. 281, 282).

Thereafter, on February 21, 2020, Barker moved to strike and

**MEMORANDUM OPINION AND**
**ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS**

reissue the Final and Preliminary Orders of Forfeiture (Dkt. No. 292). Following that, on February 28, 2020, pursuant to Rule 36 of the Federal Rules of Criminal Procedure, he moved to correct his PSR (Dkt. No. 294). And on March 6, 2020, he moved for an evidentiary hearing to support his motion to correct pursuant to Rule 36, which he supplemented on April 30, 2020 (Dkt. Nos. 295, 297).

On May 5, 2020, Barker filed a second motion to correct the record pursuant to Rule 36 and, on May 26, 2020, asked the Court to appoint the Federal Public Defender's Office to represent him on this motion (Dkt. Nos. 301, 305). He also submitted a supplemental brief with attached "documentary evidence" in support of his Rule 36 motion to correct a portion of the PSR (Dkt. No. 304).[5] Thereafter, on May 14, 2020, he moved for a prompt order directing the Government to immediately release any seized assets and, on June 11, 2020, moved to correct his Judgment and Commitment Order ("J&C") under Rule 36 (Dkt. Nos. 302, 312). Finally, on March 1, 2021, Barker sought a copy of the search warrant and affidavit in Case No. 1:16MJ137 (Dkt. No. 345).

---

[5] Barker then filed new evidence and a supplemental citation to authority regarding his Rule 36 motion on April 19, 2021, and May 10, 2021 (Dkt. Nos. 348, 351, 352).

USA V. BARKER                                                    1:16CR31

**MEMORANDUM OPINION AND**
**ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS**

As it turns to address the myriad issues raised by Barker, for ease of reference, the Court will group his pending motions and objections into four categories: 1) his motion to recuse and/or disqualify the Court (Dkt. No. 355); 2) those motions and objections regarding forfeiture (Dkt. Nos. 265, 266, 278, 282, 292, 302); 3) his Rule 36 motions (Dkt. Nos. 294, 295, 301, 305, 312); and 4) his recently filed motion for copy of search warrant and affidavit (Dkt. No. 345).

**II.  <u>ANALYSIS</u>**

**A.  Motion to Recuse and/or Disqualify**

Although Barker's motion to recuse and/or disqualify this Court is his latest-filed motion, the Court finds it necessary to address this matter at the beginning of its analysis. On August 2, 2021, the Court received Barker's motion, which argues that the Court is biased against him because he has received unfavorable rulings and his various motions have been pending for some time (Dkt. No. 355). Barker also contends that he has filed a motion for a restraining order and has an active complaint against this Court pending in the United States Court of Appeals for the Fourth Circuit. <u>Id.</u>

"Timeliness is an essential element of a recusal motion. It is explicit in § 144, which requires a 'timely and sufficient affidavit.' It is judicially implied in § 455." <u>United States v.</u>

23

USA V. BARKER                                                    1:16CR31

### MEMORANDUM OPINION AND
### ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS

<u>Owens</u>, 902 F.2d 1154, 1155 (4th Cir. 1990). Pursuant to 28 U.S.C. § 144, a party seeking recusal must "make[] and file[] a timely and sufficient affidavit" and the affidavit must be filed "not less than ten (10) days before the beginning of the term at which the proceeding is to be heard." "In general, '[o]ne must raise the disqualification of the . . . [judge] at the earliest moment after knowledge of the facts [giving rise to the need for the judge's recusal.]'" <u>Owens</u>, 902 F.2d at 1156 (quoting <u>Satterfield v. Edenton-Chowan Bd. of Educ.</u>, 530 F.2d 567, 574-75 (4th Cir. 1975)).

After careful review, Barker's motion appears to rely on multiple events, most of which occurred in the distant past. The most recent events he cites are his filing of Civil Action No. 3:20CV202, which occurred on October 19, 2020, which is pending by designation in the United States District Court for the Southern District of West Virginia,[6] and the judicial complaint he filed in

---

[6] The Court is very aware that Barker's complaint in Civil Action No. 3:20CV202 remains pending. On March 26, 2021, it entered a Memorandum Opinion and Order deferring a ruling on Barker's pending criminal motions and habeas petition until the matters raised in Civil Action No. 3:20CV202 were resolved by the United States District Court for the Southern District of West Virginia (Dkt. No. 346). Barker received a copy of that Memorandum Opinion and Order on April 1, 2021 (Dkt. No. 347). Although it had hoped to resolve Barker's habeas petition and his criminal motions at the same time, the Court is precluded from doing so because the matters raised in Civil Action No. 3:20CV202 remain pending before the United States District Court for the Southern District of West Virginia.

USA V. BARKER                                                    1:16CR31

## MEMORANDUM OPINION AND
## ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS

March 2021. Counting only this last event, Barker waited five (5) months to file his motion in this case, far beyond the "earliest moment after knowledge of the facts [giving rise to the need for the undersigned's recusal]." See Owens, 902 F.2d at 1155. Accordingly, the Court **DENIES** his motion as untimely under both 28 U.S.C. § 144 and 28 U.S.C. § 455 (Dkt. No. 355).

B.   **Motions and Objections Regarding Forfeiture**

At the outset of the discussion of this issue, the Court notes that, pursuant to his binding plea agreement, Barker waived his right to challenge forfeiture. See Dkt. No. 205 at 3 ("The defendant further agrees to waive all constitutional and statutory challenges in any manner ... to any forfeiture carried out in accordance with this plea agreement on any grounds") (emphasis added); see also United States v. Boutcher, No. 20-4248, slip. Op. (4th     Cir.     May     26,     2021), https://www.ca4.uscourts.gov/Opinions/204248.P.pdf     (enforcing appellate waiver in plea agreement pertaining to forfeiture and restitution). But even if not barred by the terms of his binding plea agreement, as discussed below, the Court finds Barker's arguments wholly without merit.

1.   **Motion for Correction of Sentence (Dkt. No. 265)**

Barker argues that the Court should strike its final order of forfeiture and its amendment to the preliminary order of forfeiture

### MEMORANDUM OPINION AND
### ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS

that included the additional funds found in his commissary account (Dkt. No. 265). He claims that the forfeiture orders should be set aside because they were based on the expectation that the Government would obtain a MAM2201 conviction. On June 6, 2019, Barker filed a supplemental brief in which he argued that the Government had failed to establish the appropriate nexus between the forfeited assets and his crimes (Dkt. No. 268). These arguments are misplaced.

#### a.   Notice in Indictments and Plea Agreement

Rule 32.2(a) of the Federal Rules of Criminal Procedure provides that "[a] court must not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute." "[T]he purpose of Rule 32.2(a) is to provide notice to the defendant that the government will seek forfeiture after a conviction." United States v. Adams, 159 F.Supp.3d 688, 693 (N.D. W. Va. Feb. 5, 2016), affirmed in part and dismissed in part, United States v. Adams, 663 Fed. Appx. 269 (4th Cir. Oct. 6, 2016). Indeed, the "essential purpose" of notice is to inform the defendant that the government seeks forfeiture so the defendant can marshal evidence in his defense. United States v. Diaz, 190 F.3d 1247, 1257 (11th Cir. 1999) (interpreting former

26

USA V. BARKER                                                          1:16CR31

### MEMORANDUM OPINION AND
### ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS

Rule 7(c)(2)); see United States v. Loe, 248 F.3d 449, 464 (5th Cir. 2001). "Listing the wrong forfeiture statute [does not] prevent [a defendant] from receiving notice under Rule 32.2(a)." United States v. Silvious, 512 F.3d364, 370 (7th Cir. 2008).

Here, the Forfeiture Allegation in both the original indictment and the Superseding Indictment informed Barker, in pertinent part, that:

> [U]pon obtaining a conviction with respect to a MAM2201 distribution offense charged in the Indictment, it is the intention of the United States to seek at sentencing the forfeiture of any property of any kind which constitutes or is derived from proceeds traceable to a violation of Title 21, U.S.C. §§ 841(a)(1), 846, or 856(a)(1), including $22,408 in U.S. Currency seized from the defendants' residence on or about March 22, 2016, real property located at 466 Alpha Hill Road in Mount Clare, Harrison County, West Virginia, and a money judgment of at least $150,000.
>
> Pursuant to 28 U.S.C. § 2461(c), the government will seek forfeiture of substitute property up to the value of property subject to direct forfeiture that is not available for forfeiture on account of any act or omission contemplated by 21 U.S.C. § 853(p)(1).

(Dkt. Nos. 1 at 6, 151 at 13).

Although the indictment and superseding indictment referred to a MAM2201 conviction, these documents also cited 28 U.S.C. § 2461(c) (mode of recovery in forfeiture); 21 U.S.C. § 841(a)(1) (prohibited acts under Controlled Substances Act); 21 U.S.C. § 846

**MEMORANDUM OPINION AND**
**ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS**

---

(attempt and conspiracy); 21 U.S.C. § 856(a)(1) (maintaining drug-involved premises); and 21 U.S.C. 853 (providing the procedure for forfeiture proceedings) (Dkt. Nos. 1 at 6, 151 at 13). Additionally, the Government stated in both the original and superseding indictments that, at sentencing, it would seek the forfeiture of any property of any kind that is traceable to the controlled substance offenses mentioned above. Id.

Even assuming, arguendo, that Barker might not have been on notice that the Government sought forfeiture under a theory other than MAM2201 distribution, in his binding plea agreement he unequivocally agreed to:

> (1) A forfeiture money judgment of approximately $173,000; . . . (2) the 2007 Mercedes sedan with Florida registration GHIM82, VIN# WDBUF56X37B035601, is subject to forfeiture, and the defendant waives any right, claim, or title to that vehicle; (3) $22,408 in U.S. Currency seized within the residence at 466 Alpha Hill Road, Mount Clare, West Virginia, on March 22, 2016, is subject to forfeiture, and the defendant waives any right, claim, or title to those funds[;] and (4) the funds held in the defendant's North Central Regional Jail commissary account (totaling approximately $2,255) are subject to forfeiture, and the defendant waives any right, claim, or title to those funds.

(Dkt. No. 205 at 3). And even though Barker waived the requirements of Federal Rule of Criminal Procedure 32.2 and 43(a) as to notice of forfeiture in the charging instrument, announcement of

USA V. BARKER                                                    1:16CR31

**MEMORANDUM OPINION AND**
**ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS**

forfeiture at sentencing, and incorporation of forfeiture in the judgment, id., the Court engaged in an extended colloquy at the plea hearing to ensure that Barker understood the terms of his agreement pertaining to the forfeiture stipulations.

> THE COURT: Mr. Barker, did you hear Mr. Cogar's summary of the terms of your Plea Agreement?
> THE DEFENDANT: Yes.
> THE COURT: Do you – did you understand and agree with what he was representing to be the terms of the Plea Agreement?
> THE DEFENDANT: Yes.

(Dkt. No. 328 at 18:11-17).

> THE COURT: [T]here's going to be a J and C that is going to include, a judgment order with regard to the amount of forfeiture, correct?
> MR. COGAR: Yes, Your Honor. Yeah.
> THE COURT: Okay. Is that – has that been explained adequately to you, Mr. Barker?
> MR. KORNBRATH: Judge, it's our understanding that most of the profits, if you will, were through PayPal. So there's electronic records. This is not your typical drug case. I mean, everything is paid through PayPal.
> THE COURT: Okay.
> MR. KORNBRATH: So they have financial records of gain. So I think they're going to be able to establish a certain amount, which isn't going to be a surprise to us.

(Dkt. No. 328 at 24:5-19).

> THE COURT: [I]f you look at Paragraph 11, Mr. Barker, you have agreed to stipulations regarding forfeiture, and I would say to you, this is probably the heart of the issue. The first is, a forfeiture money judgment of approximately $173,000 should be imposed.

29

USA V. BARKER                                              1:16CR31

**MEMORANDUM OPINION AND**
**ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS**

I'm assuming that the properties listed in
two, three, and four of that paragraph, Mr.
Cogar, go to the $173,000?
MR. COGAR: Well, Judge, I think –
THE COURT: Or is that in addition to?
MR. COGAR: It would be – we think the gross
proceeds are actually greater than $173,000,
and that these – these assets are reducing the
gross proceeds amount that would – that would
ultimately lead to the money judgment.
***
THE COURT: So approximately $173,000 could go
up, or it could go down, but that's the
ballpark?
MR. COGAR: Right.
***
THE COURT: So if you get a hold of his $2,555
in his commissary account, that's not reducing
the 173,000? That's in addition?
MR. COGAR: In essence, yes. Yeah.

(Dkt. No. 328 at 24:25-25:25)

THE COURT: Okay. Any questions about that, Mr.
Barker?
THE DEFENDANT: No, ma'am.
THE COURT: Okay. Now, moving from Paragraph 8
to 9, then – or Paragraph 11 back up to 9,
you're agreeing to waive or give up all
interest in any forfeitable asset in any
administrative or judicial forfeiture
proceeding, whether criminal or civil, state,
or federal. So you are agreeing, I'm not going
after any of these funds and trying to argue
they're not related to this case. Do you
understand that?
THE DEFENDANT: Yes.
THE COURT: Okay. Then, finally, at the bottom
of Paragraph 9, you're acknowledging that the
forfeiture of assets is part of the sentence
that may be imposed in this case, and that you
waive any failure by the Court to advise you
of this, pursuant to Rule 11(b)(1)(J), but I'm
trying to do my best right there to advise you
pursuant to that rule. Do you understand?

## MEMORANDUM OPINION AND
## ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS

THE DEFENDANT: Yes, ma'am.

(Dkt. No. 328 at 27:1-21).

Given Barker's informed, free, and voluntary plea of guilty to Count 17 of the Superseding Indictment, attempted possession with intent to distribute para-fluorofentanyl, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846, he is bound by his agreement to the forfeiture stipulations even if the identification of the property or the basis for the forfeiture expressed in the Superseding Indictment was somehow deficient. See United States v. Adams, 159 F. Supp. 3d at 693 (finding any prejudice in a deficient forfeiture allegation in an indictment is cured by the execution of a plea agreement stipulating and agreeing to forfeiture).

### b.   Sufficient Nexus

Turning next to Barker's argument that the Government failed to establish a sufficient nexus to the forfeited assets, he relies on Honeycutt v. United States, __ U.S. __, 137 S.Ct. 1626 (2017), which concerned joint and several liability for a forfeiture judgment in a conspiracy case. But that case is inapposite because, in the first instance, the assets identified in the forfeiture orders at issue here are the proceeds or instruments of Barker's criminal activity, and thus are subject to forfeiture. Moreover, Barker agreed to forfeit these assets as part of a binding plea

### MEMORANDUM OPINION AND
### ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS

agreement. Finally, even if he had not stipulated to the forfeiture of these assets, the evidence of record establishes a substantial connection between the property to be seized and Barker's offense of conviction.

Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure provides for the entry of a preliminary order of forfeiture upon the entry of a guilty verdict or a plea of guilty if the court determines by a preponderance of the evidence that there is a nexus between the identified property and the offense. See Libretti v. United States, 516 U.S. 29, 38-40, 116 S.Ct. 356 (1995). In entering a preliminary order of forfeiture, a court must determine whether the "requisite nexus" exists between the property to be seized and the offense of conviction. Fed. R. Crim. P. 32.2(b)(1)(A).

The Government bears the burden of proving nexus by a preponderance of the evidence. United States v. Cherry, 330 F.3d 658, 669-70 (4th Cir. 2003). "[W]here the government's theory is that the property was used to commit, or to facilitate the commission of, the offense of conviction, [it] must establish that there was a substantial connection between the property to be forfeited and the offense." United States v. Herder, 594 F.3d 352, 364 (4th Cir. 2010). The government may rely on circumstantial evidence to establish forfeitability. See United States v. One

## MEMORANDUM OPINION AND
## ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS

Parcel . . . 7715 Betsy Bruce Lane, 906 F.2d 110, 113 (4th Cir. 1990) (holding that circumstantial evidence that house was used to possess cocaine with intent to distribute is sufficient, even if only trace amounts are found).

The modified PSR in this case recounts that "[w]ire transfer records from MoneyGram, Wal-Mart and Western Union reflect that Eric BARKER, Randall BARKER, and DUNIGAN received significant sums of money via wire transfers. Between April 13, 2014, and March 11, 2016, the three received at least $170,000 in wire transfers from individuals across the country (often in amounts between $200 and $500), and sent more than $60,000 to Chinese companies, apparently to pay for synthetic drugs." (Dkt. No. 221 at 4). And on the day Barker was arrested officers seized more than $20,000 in cash from the residence where he was found. Id. During his plea colloquy, Barker explicitly conceded the Mercedes was likely used in the crimes (Dkt. No. 328 at 26:10-12). Moreover, the Government's evidence submitted in support of its ex parte request for an order restraining the 2007 Mercedes and $2,255 in Barker's commissary account established that this property was subject to forfeiture (Dkt. Nos. 137, 138). Therefore, the evidence of record in this case sufficiently established a nexus between the assets Barker agreed to forfeit and his offense of conviction.

**MEMORANDUM OPINION AND**
**ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS**

**2.   Objections to Forfeiture Orders (Dkt. Nos. 266, 282)**

On April 1, 2019, the Government moved to amend its Preliminary Order of Forfeiture to include $317.05 from Barker's Bureau of Prisons Trust Fund Account, to which Barker failed to object until April 29, 2019 (Dkt. Nos. 263, 266). When he did object, Barker argued that the seizure of all the funds in his BOP trust account circumvented the BOP's Financial Responsibility Program, and that the amended final order of forfeiture entered by the Court on April 5, 2019, was potentially null and void. Id. at 2-3. On October 25, 2019, Barker also objected to the Government's response to his Motion to Correct his Sentence, arguing that the forfeiture order was void because the Government had neither obtained a MAM2201 conviction nor established the requisite nexus between the property and the offense (Dkt. No. 282).

Barker's arguments are unpersuasive for among other reasons, they ignore the Court's obligation to order forfeiture of substitute assets when otherwise tainted property has been placed beyond the reach of a forfeiture. Here, as in United States v. Alamoudi, 452 F.3d 310, 313 (4th Cir. 2006), the statutory forfeiture scheme controls because the Government did not waive its right to seek forfeiture of substitute assets. 21 U.S.C. § 853(a) subjects to forfeiture "any property constituting, or derived from, any proceeds the person obtained, directly or

34

USA V. BARKER                                                    1:16CR31

### MEMORANDUM OPINION AND
### ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS

indirectly, as the result of [a violation of subchapter I or II of 21 U.S.C. Ch. 13 (Drug Abuse Prevention and Control), punishable by imprisonment for more than one year]." Barker pleaded guilty to violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846, all of which are violations of subchapter I of 21 U.S.C. Ch. 13 and punishable by more than one year of imprisonment. Therefore, the Court <u>must</u> "order the forfeiture of the property as part of the sentence." 28 U.S.C. § 2461(c).

To impose a substitute forfeiture, the Court must follow the procedures set forth in 21 U.S.C. § 853. <u>See</u> 28 U.S.C. § 2461(c). Pursuant to § 853(p), a court "shall order the forfeiture of any other property of the defendant" if it finds that, "as a result of any act or omission of the defendant," the property subject to forfeiture under the statute "(A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty." 21 U.S.C. § 853(p)(2).

21 U.S.C. § 853 must be construed liberally "to effectuate its remedial purposes." 21 U.S.C. § 853(o). "The remedial purpose of . . . the substitute property provision is to thwart the defendant's efforts to avoid the impact of a criminal forfeiture."

35

## MEMORANDUM OPINION AND
## ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS

United States v. McHan, 345 F.3d 262, 271 (4th Cir. 2003). "Section 853(p) is not discretionary; rather, the statute mandates forfeiture of substitute assets 'when the tainted property has been placed beyond the reach of a forfeiture.'" Alamoudi, 452 F.3d at 314 (quoting McHan, 345 F.3d at 271). Instead, unless the Government has waived its rights to seek forfeiture of substitute assets, "when the Government cannot reach the property initially subject to forfeiture, federal law requires a court to substitute assets for the unavailable tainted property." Alamoudi, 452 F.3d at 314 (emphasis added).

Here, the Government did not waive its right to seek forfeiture of substitute assets. In its motion to amend the preliminary order of forfeiture to include substitute property, the Government incorporated a declaration from Mark Durig, Senior Inspector with the United States Marshals Service, that asserted the Government had been unable to locate the remaining $148,037 money judgment Barker owed as a result of his offense of conviction. (Dkt. No. 263-1). Durig declared that, as a result of Barker's acts or omissions, "the proceeds ha[d] been transferred to or deposited with a third party; placed beyond the jurisdiction of the court; substantially diminished in value (possibly by spending it); or commingled with other property which cannot be divided without difficulty." Id. In light of this, and given that

36

### MEMORANDUM OPINION AND
### ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS

the conditions of § 853(p) had been satisfied, the Court was not merely permitted but was required to order forfeiture of the substitute assets at issue.

Finally, the Court cannot consider the fact that Barker is indigent or otherwise lacks adequate assets to satisfy the forfeiture judgment. See United States v. Blackman, 746 F.3d 137, 143-44 (4th Cir. 2014). "Forfeiture is calculated on the basis of the total proceeds of a crime, not the percentage of those proceeds remaining in the defendant's possession at the time of the sentencing hearing." Blackman, 746 F.3d at 144 (citing United States v. Hampton, 732 F.3d 687, 692 (6th Cir. 2013)). Thus, Barker remains responsible for any outstanding balance of the forfeiture orders in this case.

For the reasons discussed, the Court **DENIES** Barker's Motion for Correction of Sentence (Dkt. No. 265), **OVERRULES** his Objections to the Government's Amendment to its Preliminary Order of Forfeiture (Dkt. No. 266) and Objections to the Government's Response (Dkt. No. 282), and **DENIES AS MOOT** his Motion for Ruling on the Pleadings for the Objections to and Correction of the Forfeiture Order (Dkt. No. 278), Motion to Strike and Reissue the Final Forfeiture Order and the Amended Preliminary Order (Dkt. No. 292), and Motion for Prompt Order Directing the USA to Immediately

USA V. BARKER                                                    1:16CR31

### MEMORANDUM OPINION AND
### ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS

Release Seized Assets to the Defendant to Prevent Further Irreparable Harm (Dkt. No. 302).

## C.  Rule 36 Motions

### 1.  Rule 36 Motion to Correct Conviction in PSR (Dkt. Nos. 294, 352)

On February 28, 2020, pursuant to Rule 36 of the Federal Rules of Criminal Procedure, Barker moved to correct his PSR to reflect his actual conviction in Criminal Action No. 1:04CR86 (Dkt. No. 294). Specifically, Barker contends the PSR incorrectly reported that he had pleaded guilty to Possession with Intent to Distribute Cocaine Base and Cocaine Hydrochloride. Id.

Pursuant to Rule 36 of the Federal Rules of Criminal Procedure, a court may correct a clerical error in a judgment, order, or any other part of the record at any time. Rule 36 may serve as a means for a defendant to obtain resentencing when a clerical error "likely resulted in the imposition of a longer sentence than would have been imposed absent the error." United States v. Vanderhorst, 927 F.3d 824, 827 (4th Cir. 2019) (citing United States v. Powell, 266 Fed. App'x 263, 265 (4th Cir. 2008)).

While finality in judicial proceedings is an important interest, when an error is purely clerical, such as a scrivener's error or recording error, "'the policy of finality is trumped and a court is authorized to correct the error at any time.'" Id.

38

USA V. BARKER                                                  1:16CR31

**MEMORANDUM OPINION AND**
**ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS**

(citing <u>Powell</u>, 266 Fed. App'x at 266). "Forcing a defendant . . . to spend years longer in prison solely due to a data entry error for which he had no responsibility serves no legal, judicial, or public interest, is manifestly unjust, and is why Rule 36 exists." <u>Id.</u>

A review of the record in Criminal Action No. 1:04CR86 reflects that Barker pleaded guilty to and was convicted of aiding and abetting another individual in possession with the intent to distribute five (5) grams or more of cocaine base and less than five hundred (500) grams of a mixture and substance containing cocaine, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(B)(iii), 841(b)(1)(C), and 18 U.S.C. § 2 (<u>Id.</u>, Dkt. No. 30). Given the error in the PSR, the Court **GRANTS IN PART** Barker's motion to the extent it seeks to correct his presentence report to reflect a charge of "aiding and abetting possession with intent to distribute" rather than "possession with intent to distribute" (Dkt. No. 294).

In his motion Barker goes on to argue that, due to his conviction for an aiding and abetting offense, rather than a possession offense, he no longer qualifies as a career offender (Dkt. No. 292 at 2-3). He contends that the PSR's conclusion that he was a career offender was in error because aiding and abetting is not a controlled substance offense as defined in 28 U.S.C. § 994(h)(2)(B) or U.S.S.G. § 4B1.2(b). In support of his argument,

USA V. BARKER                                                    1:16CR31

**MEMORANDUM OPINION AND**
**ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS**

he contends that the United States Court of Appeals for the Sixth
Circuit, in <u>United States v. Havis</u>, 927 F.3d 382 (6th Cir. 2019),
refused to defer to the Sentencing Commission's commentary that
included aiding and abetting in the definition of a "controlled
substance offense." Finally, he contends that this Court has
jurisdiction to address this issue under Rules 36 and 52(b) (plain
error) of the Federal Rules of Criminal Procedure. Barker's
supplemental citation of authority filed on May 10, 2021,
reiterates these arguments (Dkt. No. 352).

Importantly, these arguments are not in the nature of clerical
errors but instead raise substantive arguments that go to the
merits of his conviction and sentencing. At sentencing, based on
the PSR, the Court found that Barker had at least two prior felony
controlled-substance convictions, was a career offender, and
consequently had a criminal history category of VI, yielding a
guideline range of 151 to 188 months. (Dkt. No. 311 at 5:16-7:12).
These findings were legal conclusions based on uncontested facts
stated in the PSR. Although Barker couches his career offender
argument here in terms of a clerical error, at bottom he argues
that the Court erred when it considered his prior controlled
substance offense convictions when it designated him as a career
offender.

USA V. BARKER                                                     1:16CR31

**MEMORANDUM OPINION AND**
**ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS**

Any error regarding a career offender designation obviously is not clerical or scrivener error, but substantive legal error not contemplated by Rule 36. Therefore, this argument, and the supplement to the record Barker filed on May 10, 2021, can only be addressed in his pending habeas case, Civil Action No. 1:19CV134.[7] For that reason, the Court **DENIES IN PART** Barker's motion to amend the PSR under the guise of clerical error (Dkt. No. 294).

**2.    Motion for Evidentiary Hearing (Dkt. No. 295)**

On March 6, 2020, Barker moved for an evidentiary hearing to support his arguments in his Rule 36 motion, contending he mistakenly entered into his binding plea agreement under the assumption he would be sentenced as a career offender (Dkt. No. 295). He also argues that the Probation Officer mischaracterized

---

[7] That case raises the same issues as those raised here in Barker's Rule 36 motions. Because they are substantive legal arguments, not "clerical" errors as alleged by Barker, they are cognizable only in the habeas context. Specifically, Barker's original habeas petition, his supplemental briefing, and his motion to amend to assert an actual innocence exception allege that the career offender enhancement does not apply to him (Civil Action No. 1:19CV134, Dkt. Nos. 1, 9, 28). Barker has also moved to supplement his habeas petition to add grounds concerning ineffective assistance of counsel, the lack of a factual basis to support a guilty plea, and prosecutorial misconduct (Id., Dkt. Nos. 18, 19). These issues are more appropriately addressed in Barker's habeas case, but the Court must defer any decision on them until resolution of Civil Action No. 3:20CV202, pending in the United States District Court for the Southern District of West Virginia. See, supra fn. 6.

### MEMORANDUM OPINION AND
### ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS

his "aiding and abetting" offense as a "possession with intent" offense. Id. at 2.

Barker contends his agreement to a 120-month sentence was unreasonable because, under his theory of sentencing, his guideline range should have been 8-14 months. Id. But a careful review of the record establishes that Barker is mistaken in his argument.

To calculate his criminal history category, the Probation Officer reviewed Barker's prior offenses and assigned six points (Dkt. No. 221). The Officer then added two points because Barker's relevant conduct began in April 2014, while he was serving a sentence for the revocation of his supervised release in the Criminal Action No. 1:04CR86-02. Thus, before application of the career offender enhancement, Barker's criminal history category was a IV, based on his eight criminal history points. Accordingly, even without the challenged career offender enhancement, Barker's sentencing guideline range would have been 121 to 151 months. Consequently, as an evidentiary hearing would not assist it in resolving this issue, the Court **DENIES AS MOOT** Barker's motion (Dkt. No. 295).

USA V. BARKER                                                    1:16CR31

**MEMORANDUM OPINION AND**
**ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS**

> **3.   Second Motion to Correct Record (Dkt. No. 301) and New
> Evidence in Support (Dkt. No. 351)**

On May 5, 2020, Barker again moved to correct the record
pursuant to Rule 36 of the Federal Rules of Criminal Procedure,
this time seeking to correct the $60,000 of relevant MAM2201
conduct and the guideline calculations in the PSR (Dkt. No. 301).
Arguing that his PSR should be corrected to reflect his "aiding
and abetting" conviction, Barker anticipates that a de novo review
of his sentence will follow based on the removal of his career
offender designation. Id. at 3. He further asserts that the $60,000
figure in the PSR used to calculate his relevant conduct was
speculative and that the actual figure produced in discovery was
less than $27,000. Id. He also objects to the use of MAM2201
evidence as relevant conduct, insisting his drug-relevant conduct
is actually less than one gram of fentanyl. Id. at 6.

On April 19, 2021, and May 10, 2021, Barker filed additional
evidence in support of his motion to correct the record (Dkt. Nos.
348, 351). Significantly, one of the documents he filed is a letter
from Assistant United States Attorney Andrew Cogar to Renee N.
Frymyer, Lawyer Disciplinary Counsel for the West Virginia Office
of Disciplinary Counsel (Dkt. No. 351). This letter, written in
response to a complaint apparently filed by Barker, states that,
pursuant to a corrected version of the Government's initial

USA V. BARKER                                                    1:16CR31

### MEMORANDUM OPINION AND
### ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS

discovery disclosures, the amount of money sent to China was $26,344. Id. at 3.

Again, the errors alleged by Barker are substantive and not subject to correction under Rule 36. They must be taken up in his habeas proceeding which is pending the outcome of Civil Action No. 3:20CV202. See, supra fn. 7. Consequently, the Court **DENIES** Barker's Second Motion to Correct Record (Dkt. No. 301).

### 4.   Motion for Appointment of Counsel on Rule 36 Motions (Dkt. No. 305)

Notwithstanding Barker's pending § 2255 petition that claims his public defender was ineffective, on May 26, 2020, he moved the Court to appoint the same defender's office to represent him regarding his Rule 36 motions (Dkt. No. 305). In this motion, Barker reiterates all the arguments made in his previous Rule 36 motions and requests the assistance of counsel.

There is no constitutional right to the appointment of counsel in post-conviction criminal motions such as the ones pending here. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Williamson, 706 F.3d 405, 416. Moreover, Barker has demonstrated that he is perfectly capable of making legal arguments on his own. And because the Court has already disposed of all his pending Rule 36 motions, the appointment of counsel on these motions is neither

USA V. BARKER                                                    1:16CR31

**MEMORANDUM OPINION AND**
**ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS**

in the interests of justice nor necessary. The Court accordingly **DENIES** Barker's request for appointment of counsel (Dkt. No. 305).

    **5.    Motion to Correct J&C (Dkt. No. 312)**

    On June 11, 2020, Barker moved to correct his Judgment and Commitment Order ("J&C") to reflect that he was found guilty of 21 U.S.C. § 846 only, and not 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Dkt. No. 312). The J&C states that Barker pleaded guilty to Count Seventeen and was adjudicated guilty of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846, Attempted Possession with Intent to Distribute Para-Fluorofentanyl (Dkt. No. 222 at 1).

    A review of the record establishes that, in his plea agreement, Barker agreed to "plead guilty to Count Seventeen of the Superseding Indictment, charging him with attempted possession with intent to distribute para-fluorofentanyl, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846." (Dkt. No. 205). At the plea hearing, the Court orally listed all three statutes and confirmed that Barker understood the charge (Dkt. No. 328 at 6:8-22). Further, Barker orally pleaded guilty to "attempted possession with intent to distribute para-fluorofentanyl . . . in violation of 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846." Id. at 39:3-9. Accordingly, as the J&C

USA V. BARKER                                                                 1:16CR31

## MEMORANDUM OPINION AND
### ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS

accurately reflected the statutes to which Barker pleaded guilty
the Court **DENIES** his motion to correct the J&C (Dkt. No. 312).

**D.   Motion to Obtain Copy of Search Warrant and Affidavit (Dkt. No. 345)**

On March 1, 2021, Barker requested a copy of the search
warrant and affidavit in Case No. 1:16MJ137 (Dkt. No. 345). A
review of the Court's records indicates that this matter is sealed.
Furthermore, Barker's request does not speak to any specific relief
that would justify such a request. See United States v. Brown, 36
Fed. Appx. 519 (4th Cir. 2002); Colbert v. Beto, 439 F.2d 1130
(5th Cir. 1971) ("Under ordinary circumstances such as these, an
indigent does not have a federally-protected right to a free copy
of his transcript or other court records merely to search for
possible error in order to file a petition for collateral relief
at some future date.").

Case No. 1:16MJ137, has concluded and, at no time while it
was pending, did Barker challenge the search warrant.
Additionally, although he filed a § 2255 petition, the request
under review here is not related to that litigation. Therefore,
unless Barker can provide additional detail to justify his request

USA V. BARKER                                                    1:16CR31

**MEMORANDUM OPINION AND
ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS**

in this sealed matter,[8] the Court **DENIES AS PREMATURE** his motion for a copy of the search warrant and affidavit for Case No. 1:16MJ137 (Dkt. No. 345).

**III. <u>CONCLUSION</u>**

For the reasons discussed, the Court:

1. **DENIES** Barker's motion to recuse/disqualify the Court (Dkt. No. 355);

2. **GRANTS IN PART** and **DENIES IN PART** Barker's motion to correct presentence report (Dkt. No. 294), and **DIRECTS** the United States Probation Office, within fourteen days following entry of this Memorandum Opinion and Order, to file a Second Amended Presentence Report reflecting that Barker's conviction in Criminal Action No. 1:04CR86-2 is for Aiding and Abetting in Possession with Intent to Distribute 5 Grams or More of Cocaine Base and Less than 500 Grams of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C);

3. **DENIES** Barker's Motion for Correction of Sentence (Dkt. No. 265), Second Motion to Correct Record (Dkt. No. 301), Motion for Appointment of Counsel (Dkt. No. 305); Motion to Correct

---

[8] In the event Barker provides this information, the Government will be given an opportunity to respond because Case No. 1:16MJ137 is sealed.

USA V. BARKER                                                    1:16CR31

## MEMORANDUM OPINION AND
## ORDER DISPOSING OF PRO SE CRIMINAL MOTIONS

Judgment and Commitment Order (Dkt. No. 312), and Motion for Copy
of Search Warrant and Affidavit (Dkt. No. 345);

4.  **OVERRULES** Barker's Objections to the Government's
Amendment to its Preliminary Order of Forfeiture (Dkt. No. 266),
and Objections to the Government's Response (Dkt. No. 282); and

5.  **DENIES AS MOOT** his Motion for Ruling on the Pleadings for
the Objections to and Correction of the Forfeiture Order (Dkt. No.
278), Motion to Strike and Reissue the Final Forfeiture Order and
the Amended Preliminary Order (Dkt. No. 292), Motion for Prompt
Order Directing the USA to Immediately Release Seized Assets to
the Defendant to Prevent Further Irreparable Harm (Dkt. No. 302),
and Motion for Evidentiary Hearing (Dkt. No. 295).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this
Memorandum Opinion and Order to Barker, via certified mail, return-
receipt-requested, and to counsel of record and all appropriate
agencies by electronic means.

DATED: September 3, 2021

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE